IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN O. MARABLE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-3291-N-BN |
| | § | |
| DEPARTMENT OF COMMERCE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff John O. Marable, Jr. brings this *pro se* action against his former employer alleging discrimination and violation of the Fair Labor Standards Act. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Marable paid the statutory filing fee to initiate his action and thereby undertook the responsibility to serve each defendant with a summons and copy of the complaint. *See* Dkt. No. 6. He obtained summonses from the Clerk of Court on January 22, 2019. *See* Dkt. No. 8. And Marable filed proof, on March 14, 2019, that at least one summons was served on an individual at the United States Attorney's Office for this district on February 11, 2019. *See* Dkt. No. 12-3.

On March 10, 2019, Marable filed a Notice of Nonsuit against Defendants Wilbur Ross, Joseph Matel, and Timothy Callahan, requesting that the Court dismiss

his claims against these defendants without prejudice. *See* Dkt. No. 10. Given that none of these defendants had appeared prior to the filing of this notice, it operated as a self-executing notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) against these defendants only, entitling each "to dismissal by notice under Rule 41(a)(1)(A)(i) without prejudice and without a court order." *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019); *see also Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973) (concluding "that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants").

The same day, Marable filed a Notice of Praecipe to Enter Judgment by Default against the remaining defendant, the U.S. Department of Commerce. *See* Dkt. No. 11. To the extent that this filing should be construed as a motion for default judgment, it should be denied because the Commerce Department was never in default. It was served no sooner than February 11, 2019, *see* Dkt. No. 12-3, making its deadline to serve a responsive pleading 60 days later, or April 12, 2019, *see* FED. R. CIV. P. 12(a)(2), the date that it filed its answer, *see* Dkt. No. 13.

**Recommendation**

The Court should deny Plaintiff John O. Marable, Jr.'s Notice of Praecipe to Enter Judgment by Default [Dkt. No. 11] to the extent that filing is a motion for default judgment against Defendant U.S. Department of Commerce.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 14, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE