IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN O. MARABLE, JR., | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:18-cv-3291-N-BN |
| DEPARTMENT OF COMMERCE, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S SECOND MOTION TO COMPEL**

Plaintiff John O. Marable, Jr., a former employee of the U.S. Patent and Trademark Office ("USPTO"), brings this *pro se* action alleging employment discrimination and violation of the Fair Labor Standards Act. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Marable again moves to compel Defendant U.S. Department of Commerce to fully respond to two document requests he made under Federal Rule of Civil Procedure 34 – Requests for Production Nos. 2 and 7 [Dkt. Nos. 27 & 28] (the "Second MTC"); *see* FED. R. CIV. P. 37(a)(3)(B)(iv).

Defendant filed a court-ordered response to the Second MTC. *See* Dkt. Nos. 29, 30, & 31. And Marable replied. *See* Dkt. No. 32.

The Court DENIES the Second MTC for the following reasons.

## Legal Standards

The Federal Rules of Civil Procedure control the scope of a proper discovery request in the form of requests for production or inspection, interrogatories, and requests for admission.

The party seeking discovery is required to comply with Federal Rule of Civil Procedure 26(b)(1)'s proportionality limits on discovery requests; is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Federal Rule of Civil Procedure 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

Rule 26(b)(1) provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

Rule 37(a) governs motions to compel discovery responses. And Rule 37(a)(3)(B) provides, as applicable here, that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iv); *accord Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received. FED. R. CIV. P. 37(a). Yet, a court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden ..., including ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.' FED. R. CIV. P. 26(c)(1)(D); *see also* FED. R. CIV. P. 37(a)(5)(B).").

For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P.

37(a)(4). And, in response to a Rule 34(a) request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). General or boilerplate objections are invalid, and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2) effectively codifies this requirement, at least in part: 'An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.'" *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d. 476, 507 (N.D. Tex. 2016) (citing *Heller*, 303 F.R.D. at 483; quoting FED. R. CIV. P. 34(b)(2)(C)), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

In sum, "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Heller*, 303 F.R.D. at 485.

Once responses, answers, and objections have been served subject to Rule 26(g), the party who has objected to a discovery request then must, in response to a Rule

37(a) motion to compel, urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection. *See OrchestrateHR*, 178 F. Supp. 3d at 507 (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

For the reasons that the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery. *See Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). As the Court has more recently explained,

> under Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. That is true on a Rule 37(a) motion to compel no less than on a 26(c) motion for a protective order.
> ....
> Rule 26(g)(1) does not impose on a party filing a motion to compel the burden to show relevance and proportionality in the first instance.
> ....
> [And] Rule 26(b)(1) "'does not place on the party seeking discovery the burden of addressing all proportionality considerations.'" *Carr*, 312 F.R.D. at 467 (quoting FED. R. CIV. P. 26, 2015 comm. note). While it is a good practice for a movant to explain the relevance and proportionality of its discovery requests, and while a failure to appropriately address Rule 26(b)(1) proportionality factors may be determinative in a proportionality analysis and result in the motion to compel being denied on its merits, *see id.* at 463-69, "'[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes," *id.* at 467 (quoting FED. R. CIV. P. 26, 2015 comm. note).

*Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 593-95 (N.D. Tex. 2017) (citations omitted); *accord Charalambopoulos v. Grammar*, No. 3:14-cv-2424-D, 2017 WL

1094394, at *4 n.5 (N.D. Tex. Mar. 8, 2017).

Thus, a party seeking to resist discovery on Rule 26(b)(1) and Rule 26(b)(2)(C)(iii) grounds still bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Accord First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) ("In this instance, defendant has offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge.").

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

**Analysis**

Before separately examining the two document requests, Defendant's responses

to each, and the parties' positions as to the Second MTC, the Court initially notes that, in answering Marable's complaint Defendant first noted,

> [w]ith respect to the Department of Commerce, which is the remaining defendant, the [USPTO] – not the Department of Commerce – is the properly named defendant in an employment action against the USPTO. Under 35 U.S.C. § 1(a), the USPTO maintains certain independence from the Department of Commerce, including independent control of its personnel decisions and other administrative and management functions. With respect in particular to Plaintiff's claims pursuant to Title VII and the ADEA, the proper defendant is the director of the USPTO.

Dkt. No. 13 at 1 n.1.

And, in responding to Marable's document requests, the United States Attorney for this district coordinated with counsel for the USPTO. *See generally* Dkt. No. 31 at 72-76 (Decl. of Heidi Bourgeois, Associate Counsel in the USPTO's Office of General Law); *see also id.* at 72, ¶ 3 ("My office received Plaintiff's Request for Production of Documents, dated May 15, 2019, and coordinated the collection of responsive documents for USPTO.").

Thus, Defendant takes the position that the USPTO is the party responding to Marable's document requests. *See, e.g.,* Dkt. No. 30 at 13-16.

I.  <u>Request No. 2</u>

Marable's second Rule 34 requests is that Defendant "[p]rovide a copy of any and all correspondence between Defendant's officials, supervisors, managers, or other management officials, including primary examiners, persons from the Human Relations or Personnel Department of the Defendants pertaining to any matter or issue raised in this case." Dkt. No. 31 at 5. In response to this request, Defendant initially

produced 2871 pages of documents and later supplemented its response with 333 more pages. *See id.* at 10, 48, 51-55. Defendant also provided Marable a privilege log applicable to its entire production. *See id.* at 10 (June 19, 2019 email from AUSA Lisa Hasday to Marable attaching a privilege log detailing "certain email communications that are being withheld from the discovery response on grounds of attorney-client privilege or pursuant to 35 U.S.C. 122, which is a provision that requires the USPTO to keep in confidence patent applications until they are published or otherwise allowed by the applicant to be disclosed"); *id.* at 13-23 (138-entry privilege log).

But Defendant has not produced emails from non-USPTO employees. *See* Dkt. No. 30 at 14 ("Because Defendant does not control the email accounts of non-USPTO employees, it is not obligated to produce email messages of those employees."). And, according to Defendant, "[w]ith respect to the remaining individuals who had responsive correspondence that Defendant controls but did not produce, Defendant had legitimate bases to withhold that correspondence" – attorney-client privilege and overbreadth. *Id.* at 14-15.

Defendant first specifically argues that, even though "possession, custody, or control" as used in Rule 34(a) is broadly construed, it remains Marable's burden "to make a showing that [Defendant] has control over the documents sought." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 230-31 (N.D. Tex. 2016) (quoting *S. Filter Media, LLC v. Halter*, Civ. A. No. 13-116-JJB-RLB, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014); citation omitted).

-8-

As to the log Defendant provided Marable to support its privilege claims, Marable made a generalized challenge to the log. *See* Dkt. No. 31 at 24 (June 20, 2019 email from him to AUSA Hasday, "I do not believe that the responses I have received represent a good faith effort to provide discovery" on the basis that information was withheld under Section 122.). And Defendant responded the next day: "if you provide a list of the specific attachments that you believe do not contain information covered by [Section] 122, we will review those attachments to determine if they can be provided to you, or provided in redacted form." *Id.* at 27. Marable responded by filing a motion to compel [Dkt. No. 25] on June 24, 2019 – a motion that the Court struck and unfiled because it did not comply with the requirements of the April 15, 2019 Standing Order on Discovery and Other Non-Dispositive Motions [Dkt. No. 15], *see* Dkt. No. 26. The parties had subsequent conversations as to this objection, but Marable never identified the information that he believed was not protected by Section 122. *See* Dkt. No. 31 at 31-47.

Similarly, Marable failed to identify specific union representatives whose emails could be relevant and proportional to his claims. *See id.* at 43.

Thus, Defendant, as the party resisting discovery, has carried the burden of making specific objections under Rule 26(b)(1) and Rule 26(b)(2)(C)(iii). But Marable, as the party moving to compel, has not carried his burden to show why those objections should be overruled.

Specifically, he has not addressed his burden to show that Defendant has control

over emails from non-USPTO employees, as discussed above. Marable, likewise, has not attempted to show that any correspondence withheld on the basis of a privilege (and therefore appearing on the privilege log) is not privileged and therefore within the scope of discovery. *See* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...."). And, as to the documents not provided in response to his requests "for correspondence of unnamed 'Union Representatives,'" Marable has not shown that such documents are proportional to the needs of this case. *See, e.g., Chung*, 325 F.R.D. at 595 ("[A] failure to appropriately address Rule 26(b)(1) proportionality factors may be determinative in a proportionality analysis and result in the motion to compel being denied on its merits." (citing *Carr*, 312 F.R.D. at 463-69)).

The Second MTC is therefore DENIED as to this request.

II. Request No. 7

Marable's seventh Rule 34 requests is that Defendant "[p]rovide a copy of the first appraisal for every student in Plaintiff's Patent Academy Class (Redacted appraisal documents will be acceptable)." Dkt. No. 31 at 6. Defendant produced 107 pages of documents in response. And, as explained in its response to the Second MTC, counsel at the USPTO "redacted the documents to remove identifying information about the employees who were appraised, including employees' names, employee numbers, Social Security numbers, and signatures, as well as descriptions of their

work containing patent information protected by 35 U.S.C. § 122. The redacted documents were provided to the United States Attorney's Office to be produced to Plaintiff." *Id.* at 73, ¶ 6. Marable objects to the redactions made pursuant to Section 122. *See id.* at 39; Dkt. No. 32 at 9.

Regarding the intersection of protection under Section 122 and the scope of discovery under Rule 26, another federal district court has explained that

> [i]nformation contained in a pending patent application may have some relevance in a patent infringement action, and thus, a request for such information may meet the liberal standard of relevancy under [Rule] 26. However, it is well established that materials relating to a pending patent application are confidential, and therefore enjoy a degree of protection against disclosure. While Title 35 U.S.C. § 122 expressly provides that pending patent applications shall be kept confidential unless disclosure is authorized by the applicant, this statutory prohibition is not binding on the courts.
> 
> In determining whether or not to permit discovery of a pending patent application, the courts have uniformly recognized that a heightened relevancy standard must be applied to patent applications and materials related thereto. The Court must weigh the requesting party's interest in materials against the objector's legitimate interest in secrecy.

*ICU Med., Inc. v. B.Braun Med., Inc.*, 224 F.R.D. 461, 462 (N.D. Cal. 2002) (citations omitted); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. C 11-1846 LHK (PSG), 2012 WL 1232267, at *2 (N.D. Cal. Apr. 12, 2012) ("Under the federal rules, a party 'may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.' Yet courts have applied a heightened relevancy standard in the case of pending patent applications and related materials. This heightened standard requires a court to 'weigh the requesting party's interest in materials against

the objector's legitimate interest in secrecy.'" (footnotes omitted)).

Similar to the analysis above, Defendant has specifically argued that patent-related information redacted pursuant to Section 122 is not relevant to Marable's employment-related claims. And Marable has failed to explain how this redacted information could be relevant to his claims – much less relevant under the applicable heightened relevancy standard.

The Second MTC is therefore DENIED as to this request.

**Conclusion**

The Court DENIES Plaintiff John O. Marable, Jr.'s second motion to compel Defendant Department of Commerce to produce documents requested under Federal Rule of Civil Procedure 34. And the Court ORDERS that, considering all of the circumstances here and the Court's ruling above, the parties will bear their own expenses, including attorneys' fees, in connection with the motion.

SO ORDERED.

DATED: September 26, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE