IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN O. MARABLE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-3291-N-BN |
| | § | |
| DEPARTMENT OF COMMERCE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff John O. Marable, Jr., a former employee of the U.S. Patent and Trademark Office ("USPTO"), brings this *pro se* action alleging employment discrimination and violation of the Fair Labor Standards Act. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Marable, who was hired by the USPTO in September 2016, filed his complaint on December 14, 2018, based on events leading up to his claimed termination by the USPTO in June 2017. *See generally* Dkt. No. 3. But that complaint does include an allegation that,

> [e]ven after his termination, the Defendants are still engaging in malicious and intentional racially discriminatory acts against Plaintiff. On an unspecified date, Plaintiff was not selected for a new position of patent examiner, vacancy announcement CP-2017-0032. Plaintiff was more deserving than the selectees, because Plaintiff held a higher qualification ranking than all of the other candidates. Instead, the Agency hired more than 40 younger white candidates.

*Id.* at 11, ¶ 33.

Somewhat related to this claim, Marable now moves for a temporary restraining order and a preliminary injunction, *see generally* Dkt. No. 34 (the "Motion"), "to enjoin" the USPTO "from enforcing [its] racist request to [remove] the Plaintiff from employment consideration to compete for new jobs within USPTO, even though, the Plaintiff, a preference eligible veteran with reinstatement rights, has been evaluated by USPTO to be among the best-qualified candidates," *id.* at 1 (emphasis and footnote omitted); *see also id.* at 4 ("The Court should immediately bring an end to this discrimination and victimization and require the USPTO to admit the Plaintiff into the next upcoming Patent Training Academy class at Dallas in Dec 2019, for the new Patent Examiners that were hired under the job application CP-2019-0038, which closed on Oct 21, 2019.").

The Court ordered expedited briefing on the Motion. *See* Dkt. No. 35. And a response and reply have now been filed. *See* Dkt. Nos. 36 & 37.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should deny the Motion.

**Legal Standards and Analysis**

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief."

*Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain either, a plaintiff must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

This is a "difficult" and "stringent" standard for the movant to meet, and the movant bears "the burden of establishing each element." *Whitaker v. Livingston*, 732 F.3d 465, 469 (5th Cir. 2013); *Janvey v. Alguire*, 647 F.3d 585, 591, 595 (5th Cir. 2011). The United States Court of Appeals for the Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Bluefield*, 577 F.3d at 253 (internal quotation marks omitted). "The failure of a movant to establish one of the above four elements will result in the denial of a motion for temporary injunction." *Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989).

Here, even if the vague factual allegations regarding "vacancy announcement CP-2017-0032" included in the complaint are part of Marable's claims currently before the Court, his new assertions regarding the 2019 vacancy announcement referenced

in the Motion (CP-2019-0038) are not. The Motion should therefore be denied because there can be no substantial likelihood that a plaintiff will prevail on the merits of assertions he has not pled. *See, e.g., Wylie v. Mont. Women's Prison*, No. CV 13-53-BLG-SEH, 2014 WL 6685983, at *2 (D. Mont. Nov. 25, 2014) ("Wylie has not demonstrated a likelihood of success on the merits of her claims. Several of her claims have been served upon Defendants but there has been no showing of the likelihood of success on the merits of those claims. The [construed motion for a preliminary injunction] actually seeks relief unrelated to the pending claims because Wylie does not currently plead a denial of access to the courts claim."); *cf. Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2019 WL 5031357, at *4 (N.D. Tex. July 29, 2019) ("'[A] claim for relief' must be made through a pleading, FED. R. CIV. P. 8(a), and ... a motion is not among the 'pleadings [that] are allowed' under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a)." (citations omitted)), *rec. accepted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019).

**Recommendation**

The Court should deny Plaintiff John O. Marable, Jr.'s motion for a temporary restraining order and a preliminary injunction [Dkt. No. 34].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 19, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE